WOODALL, Justice.
 

 Michael Jerome Lewis was convicted of the capital murder of Timothy John Kaye. The murder was made capital because it was committed “during a kidnapping in the first degree or an attempt thereof.” § 13A-5-40(a)(l), Ala.Code 1975. The jury recommended, by a vote of 10-2, that Lewis be sentenced to death, and the trial court sentenced him to death.
 

 Initially, the Court of Criminal Appeals remanded the case for further action by the trial court regarding Lewis’s claim that the State had violated
 
 Batson v. Kentucky,
 
 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), by using its peremptory challenges to remove African-Americans from the jury venire.
 
 Lewis v. State,
 
 24 So.3d 480 (Ala.Crim.App.2006). On return to remand, the Court of Criminal Appeals affirmed Lewis’s conviction and sentence of death.
 
 Lewis v. State,
 
 24 So.3d 480, 492 (Ala.Crim.App.2006) (opinion on return to remand). Lewis then petitioned this Court for certiorari review.
 

 “[Pjetitions for writs of certiorari will be considered ... [f]rom decisions where a material question requiring decision is one of first impression for the Supreme Court of Alabama.” Rule 39(a)(1)(C), Ala. RApp. P. We granted Lewis’s petition for a writ of certiorari solely to consider two such questions. The first question is whether a defendant who has been found guilty of a capital offense beyond a reasonable doubt is entitled to have the jury instructed on “residual doubt” during the penalty phase of the trial. The second question is whether, pursuant to § 13A-5-53, Ala.Code 1975, the Court of Criminal Appeals is required to independently find the existence of any mitigating circumstances not found by the trial court and then to weigh the mitigating circumstances against the aggravating circumstances. We answer both questions in the negative, and, thus, we affirm the judgment of the Court of Criminal Appeals.
 

 I. Residual-Doubt Instruction
 

 Lewis requested the trial court to instruct the jury on “residual doubt” during the penalty phase of his trial. His requested instruction defined “residual doubt” as “whimsical doubt — -the absence of absolute certainty of guilt.” Lewis requested that the jury be instructed that “the mere whimsy of one juror or several [would require the jury to] consider the
 
 *543
 
 existence of such a residual doubt as a mitigating circumstance that warrants a sentence of life in prison rather than death.” The trial court refused the requested jury charge.
 

 The Court of Criminal Appeals held that the trial court had correctly denied the requested charge on “residual doubt.” The Court of Criminal Appeals stated that it “has held on numerous occasions that ‘capital defendants have no right to demand jury consideration of “residual doubts” in the sentencing phase.’ ”
 
 Lewis,
 
 24 So.3d at 526. The Court of Criminal Appeals’ holdings regarding residual-doubt instructions are correct and have a sound statutory basis.
 

 Lewis concedes that “[cjriminal defendants do not have a federal constitutional right to present residual doubt as to guilt as a mitigating factor during the sentencing phase of a capital murder trial.” Lewis’s brief, at 22. Further, he does not argue that this Court should recognize such a right under the Alabama Constitution of 1901. Instead, he argues that “[r]e-sidual doubt about the defendant’s guilt is a relevant mitigating factor under Alabama’s [statutory] death penalty scheme.” Lewis’s reply brief, at 15. We disagree.
 

 Section 13A-5-51, Ala.Code 1975, without limiting possible mitigating circumstances, statutorily defines a number of mitigating circumstances. Residual doubt as to the defendant’s guilt is not a statutory mitigating circumstance. Instead, as the State argues, “all seven statutory mitigating circumstances [in § 13A-5-51] relate to the defendant or the circumstances of the crime for which the defendant [has been found guilty] and merely reduce the defendant’s culpability for committing that crime.” State’s brief, at 29.
 

 Section 13A-5-52, Ala.Code 1975, allows a capital defendant to offer mitigating circumstances in addition to those enumerated in § 13A-5-51. Specifically, it provides:
 

 “In addition to the mitigating circumstances specified in Section 13A-5-51, mitigating circumstances shall include any aspect of a defendant’s character or record and any of the circumstances of the offense that the defendant offers as a basis for a sentence of life imprisonment without parole instead of death, and any other relevant mitigating circumstances which the defendant offers as a basis for a sentence of life imprisonment without parole instead of death.”
 

 It is inarguable, as the Court of Criminal Appeals has pointed out on many occasions, that residual doubt is not a factor about the “defendant’s character or record [or] any of the circumstances of the offense.” See, e.g.,
 
 Melson v. State,
 
 775 So.2d 857, 899 (Ala.Crim.App.1999), aff'd, 775 So.2d 904 (Ala.2000). Indeed, as the State argues, residual doubt “is nothing more than a juror’s state of mind and bears directly on the defendant’s guilt, [and] is not a fact or situation relating to the defendant’s character or record or which reduces the defendant’s culpability in the commission of a crime for which guilt is a foregone conclusion.” State’s brief, at 25.
 

 According to Lewis, the language of § 13A-5-52 providing that “mitigating circumstances shall include ... any other relevant mitigating circumstance which the defendant offers as a basis for a sentence of life imprisonment without parole instead of death” is broad enough to allow the consideration of residual doubt at the penalty phase of a capital-murder trial. It is not, however, because residual doubt is not a “relevant mitigating circumstance.”
 

 A mitigating circumstance is “[a] fact or situation that does not bear on the question of a defendant’s guilt but is con
 
 *544
 
 sidered ... in imposing punishment and esp. in lessening the severity of a sentence.”
 
 Black’s Law Dictionary
 
 260 (8th ed.2004). As previously stated in this opinion, residual doubt bears directly on the question of a defendant’s guilt. In fact, Lewis admits as much: “Residual doubt arises because even though the evidence the juror saw was enough to convict, there is a possibility that ... the defendant is really innocent.” Lewis’s reply brief, at 13. Also, residual doubt is not a “fact or situation.” Instead, it is merely “a lingering uncertainty about facts, a state of mind that exists somewhere between ‘beyond a reasonable doubt’ and ‘absolute certainty.’ ”
 
 Franklin v. Lynaugh,
 
 487 U.S. 164, 188, 108 S.Ct. 2320, 101 L.Ed.2d 155 (1988) (O’Connor, J., concurring). Stated simply, Lewis’s arguments find no support in Alabama’s statutory provisions addressing mitigating circumstances.
 

 Residual doubt is not a mitigating circumstance. Consequently, the Court of Criminal Appeals was correct in holding that the trial court did not err in denying Lewis’s requested jury charge on residual doubt during the penalty phase of Lewis’s capital-murder trial.
 

 II. Independent Finding and Weighing of Mitigating Circumstances by Court of Criminal Appeals
 

 In its sentencing order, the trial court found the existence of two aggravating circumstances and several mitigating circumstances. See § 13A-5-47(d), AIa.Code 1975. The trial court found that the aggravating circumstances outweighed the mitigating circumstances and sentenced Lewis to death. See § 13A-5-47(e), Ala. Code 1975.
 

 On appeal to the Court of Criminal Appeals, Lewis argued that that court had a duty under § 13A-5-53 to independently find mitigating circumstances and then to weigh the mitigating circumstances against the aggravating circumstances. The Court of Criminal Appeals did not err in rejecting this contention.
 

 Alabama’s statutory sentencing and review scheme for capital offenses clearly supports the Court of Criminal Appeals’ holding. In pertinent part, § 13A-5-47(e) provides that, “[i]n deciding upon the sentence, the trial court shall determine whether the aggravating circumstances it finds to exist outweigh the mitigating circumstances it finds to exist.” This language clearly contemplates factual findings “[bjased upon the evidence presented at trial, the evidence presented during the sentence hearing, and the pre-sentence investigation report and any evidence submitted in connection with it.” § 13A-5-47(d). Factual determinations are the responsibility of the trial court, and the role of an appellate court is not to determine what the facts are. See, e.g.,
 
 Ex parte Williford,
 
 931 So.2d 10, 13 (Ala.2005).
 

 Although the factual findings regarding mitigating circumstances are the responsibility of the trial court, they are not beyond review. On appeal, the Court of Criminal Appeals must determine “whether the trial court’s findings concerning the aggravating and mitigating circumstances were supported by the evidence.” § 13A-5-53(a). “If the court determines ... that one or more of the trial court’s findings concerning aggravating and mitigating circumstances were not supported by the evidence, it shall remand the case for new proceedings to the extent necessary to correct the error or errors.”
 
 Id.
 
 It is only where “the appellate court finds that no error adversely affecting the rights of the defendant was made in the sentence proceedings and that the trial court’s findings concerning aggravating and mitigating circumstances were supported by the
 
 *545
 
 evidence [that] it shall proceed to review the propriety of the decision that death was the proper sentence.”
 
 Id.
 
 These statutory review provisions clearly recognize that the responsibility for finding mitigating circumstances is the trial court’s and just as clearly limit the appellate court’s role to determining whether the trial court’s findings concerning mitigating circumstances are supported by the evidence.
 

 The scope of the appellate review contemplated by § 13A-5-53(a) clearly embraces the review of a trial court’s failure to find a mitigating circumstance. Indeed, as the State points out, defendants “can, and often do (as Lewis did in this case), raise on appeal the trial court’s failure to find and consider mitigating circumstances, and the Court of Criminal Appeals routinely reviews those claims, as it did below.” State’s brief, at 34. In conducting such a review, the Court of Criminal Appeals must determine whether the trial court’s failure to find a circumstance to be mitigating is “supported by the evidence,” as required by § 13A-5-53(a).
 

 In
 
 Clark v. State,
 
 896 So.2d 584 (Ala.Crim.App.2000), the Court of Criminal Appeals conducted a proper review of a trial court’s failure to find that proffered evidence constituted a mitigating circumstance, stating, in pertinent part:
 

 “The sentencing order shows that the trial court considered all of the mitigating evidence offered by Clark. The trial court did not limit or restrict Clark in any way as to the evidence he presented or the arguments he made regarding mitigating circumstances. In its sentencing order, the trial court addressed each statutory mitigating circumstance listed in § 13A-5-51, Ala.Code 1975, and it determined that none of those circumstances existed under the evidence presented.
 
 Although the trial court did not list and make findings as to the existence or nonexistence of each nonstatu-tory mitigating circumstance offered by Clark, as noted above, such a listing is not required, and the trial court’s not making such findings indicates only that the trial court found the offered evidence not to be mitigating, not that the trial court did not consider this evidence.
 
 Clearly, the trial court considered Clark’s proffered evidence of mitigation but concluded that the evidence did not rise to the level of a mitigating circumstance. The trial court’s findings in this regard are supported by the record.
 

 “Because it is clear from a review of the entire record that the trial court understood its duty to consider all the mitigating evidence presented by Clark, that the trial court did in fact consider all such evidence,
 
 and that the trial court’s findings are supported by the evidence,
 
 we find no error, plain or otherwise, in the trial court’s findings regarding the statutory and nonstatutory mitigating circumstances.”
 

 896 So.2d at 652-53 (emphasis added).
 

 This appropriate review is not the de novo review sought by Lewis. Instead, the Court of Criminal Appeals, presuming that the allegedly mitigating evidence was considered and rejected by the trial court and not ignored, must determine only whether the trial court’s conclusion that the “evidence did not rise to the level of a mitigating circumstance” is “supported by the evidence.” 896 So.2d at 653. This assessment requires an evaluation of the allegedly mitigating evidence in light of all the circumstances of the case. If the trial court’s explicit or implicit rejection of tendered evidence as a mitigating circumstance is appropriate when viewed in this broad perspective, then the trial court’s failure to find a mitigating circumstance is “supported by the evidence.” On the oth
 
 *546
 
 er hand, if the trial court’s rejection is not supported by the evidence, the Court of Criminal Appeals is required to “remand the case for new proceedings to the extent necessary to correct the error or errors.” § 13A-5-53(a).
 

 The Court of Criminal Appeals does not “proceed to review the propriety of the decision that death was the proper sentence” until it has found “that no error adversely affecting the rights of the defendant was made in the sentence proceedings and that the trial court’s findings concerning aggravating and mitigating circumstances were supported by the evidence.” § 13A-5-53(a). When it does proceed to review the propriety of a death sentence, the Court of Criminal Appeals is charged with making certain determinations, including “[wjhether an independent
 
 weighing
 
 of the aggravating and mitigating circumstances at the appellate level indicates that death was the proper sentence.” § 13A — 5—53(b)(2) (emphasis added). The Court of Criminal Appeals has properly construed this clause to mean that it “must reweigh the aggravating and mitigating circumstances
 
 as found by the trial court.” Roberts v. State,
 
 735 So.2d 1244, 1269 (Ala.Crim.App.1997), aff'd, 735 So.2d 1270 (Ala.1999) (emphasis added). Indeed, any other construction would be contrary to the plain meaning of § 13A-5-53.
 

 III. Conclusion
 

 The Court of Criminal Appeals properly held that a defendant who has been found guilty of a capital offense is not entitled to have the jury instructed on residual doubt during the penalty phase of the trial. Also, that court properly construed the scope of its responsibility pursuant to § 13A-5-53(b)(2). Thus, the judgment of the Court of Criminal Appeals is affirmed.
 

 AFFIRMED.
 

 LYONS, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
 

 COBB, C.J., and SHAW, J.,
 
 *
 
 recuse themselves.